UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Eileen Juneau, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-13-2535 |
| | § | |
| Quality Christmas Tree, Ltd., | § | |
| | § | |
| *Defendant*. | § | |

## Memorandum Opinion & Order

Pending before the court is defendant Quality Christmas Tree, Ltd.'s (the "defendant") motion for summary judgment. Dkt. 12. Defendant moves for summary judgment on the Age Discrimination in Employment Act ("ADEA") claims filed by plaintiffs Eileen Juneau ("Juneau") and Loretta Gould ("Gould") (collectively, the "plaintiffs"). *Id.* Upon consideration of the briefing, the summary-judgment record, and applicable law, defendant's motion (Dkt. 12) is **GRANTED**.

### I. Background

#### *A. Factual Background*

After reviewing resumes on a job website, Matt Hooper ("Hooper"), the defendant's owner and president, called Juneau in early March 2007 to interview for an open store merchandiser position. Dkt. 12, Ex. A (Hooper declaration) at 1 ¶ 4; Dkt. 12, Ex. D (Baxmann declaration) at 1 ¶ 4. Because she graduated from high school in 1971, Hooper assumed that Juneau was about his age (late 50s at the time). Dkt. 12, Ex. A at 1 ¶ 4; Dkt. 12, Ex. D at 1 ¶ 4. And based on her experience with Target, he believed that she would be a good fit as a merchandiser. Dkt. 12, Ex. A at 1 ¶ 4. A merchandiser travels to the defendant's various stores, organizes the dry goods section of the store, and maintains each store's overall appearance. *Id.* at 1 ¶ 3. Hooper hired Juneau, and

she started with the defendant on March 5, 2007. *Id.*; Dkt. 12, Ex. D at 1 ¶ 4; Dkt. 1, Ex. A (original petition) at 2 ¶ 9. Thereafter Mark Baxmann ("Baxmann"), Juneau's direct supervisor and defendant's general manager, called Juneau each Sunday evening and told her the first two stores he wanted her to cover the following Monday. Dkt. 12, Ex. B (Juneau dep.) at 27:13–24.

On October 26, 2007, Juneau recommended Gould, her friend, for a second merchandiser position with the defendant. Dkt. 12, Ex. D (Baxmann declaration) at 2 ¶ 7; *id.*, Ex. D-1 (Juneau recommendation letter). Juneau's written recommendation stated that "[s]he [Gould] is around my age and [her] children are all grown." Dkt. 12, Ex. D-1. Hooper called Gould in for an interview and hired her to start work on November 12, 2007. Dkt. 12, Ex. A at 2 ¶ 6; Dkt. 12, Ex. C (Gould dep.) at 13:23–14:4. Gould and Juneau's job duties as merchandisers were identical, and they each had approximately 10 stores assigned to them in the Houston region. *Id.* at 35–36.

During the early stages of their employment, Hooper generally believed that Juneau and Gould were satisfactory employees. Dkt. 12, Ex. A at 2 ¶ 7. However, his opinion reportedly changed in the six to nine months leading to their termination. *Id.* He did not feel that the merchandise in the store appeared as he wanted, and he believed that plaintiffs had become complacent in their job performance. *Id.* Hooper consulted with Baxmann and decided to terminate plaintiffs' employment in September 2010. *Id.* at 2 ¶ 8; Dkt. 12, Ex. D at 2 ¶ 9. Hooper and Baxmann stated that plaintiffs were told that their positions were being eliminated in order to make it easier for them to collect unemployment benefits. Dkt. 12, Ex. A at 2 ¶ 9; Dkt. 12, Ex. D at 2 ¶ 11.

### B. Procedural Background

Plaintiffs filed EEOC charges of discrimination and thereafter filed this suit alleging ADEA violations. Dkt. 1, Ex. A at 3 ¶ 12. After the discovery period concluded, defendant moved for

summary judgment. Dkt. 12. Defendant argues that plaintiffs lack sufficient evidence as to whether the reasons for their dismissal are pretextual. *Id.* at 3. Plaintiffs respond that defendants' purported justification for their termination is inconsistent with previous statements to the EEOC and not worthy of credence. Dkt. 13 at 3–4. The motion is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence, if any, demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has met its initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

### A. Background Law

Under the ADEA, an employer may not "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see Rachid v. Jack In the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). In order to proceed to trial in an age discrimination

case with circumstantial evidence, the court engages in the familiar *McDonnell Douglas* three-step analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973); *Bauer v. Albermarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). First, a plaintiff must show a genuine dispute of material fact as to all four elements of a *prima facie* case of discrimination. *Willis v. Coca-Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). To establish a *prima facie* case, the plaintiff must show (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) others similarly situated were treated more favorably, she was replaced by someone younger, or she was otherwise discharged because of her age and not replaced. *Bauer*, 169 F.3d at 966. Once the plaintiff makes this showing, the burden of production shifts to the defendant-employer to identify a legitimate, non-discriminatory reason for the adverse employment action. *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003). The defendant's burden in this second step is met by producing evidence which, "*taken as a true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S. Ct. 2742 (1993) (emphasis in original). Finally, at the third stage of the *McDonnell Douglas* framework, the plaintiff must raise a genuine dispute of material fact that the proffered non-discriminatory reason is not true and is instead a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43, 120 S. Ct. 2097 (2000); *Willis*, 445 F.3d at 420.

### B. *Application of the Law to the Facts*

The defendant does not dispute, for purposes of the summary-judgment analysis, that plaintiffs have shown a *prima facie* case of discrimination. Dkt. 12 at 9. Defendant has asserted as its legitimate, non-discriminatory reason that plaintiffs were terminated for poor performance but

told that their positions were eliminated so that they could collect unemployment insurance payments. *Id.* at 10–11; *see also* Dkt. 12, Ex. A at 2 ¶¶ 7–9; Dkt. 12 Ex. D at 2 ¶¶ 9–11.[1] Thus, the dispute on summary judgment in this case centers around *McDonnell Douglas*'s pretext stage.

A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's reason for the adverse action is not true. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Reeves*, 530 U.S. at 143. "Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive." *Laxton*, 333 F.3d at 578. Again, to survive summary judgment, the plaintiff's evidence must be sufficient to raise a genuine dispute of material fact that the defendant's reason is merely pretextual and masks a discriminatory purpose. *Willis*, 445 F.3d at 420.

Plaintiffs present two general categories of pretext evidence: (1) plaintiffs' deposition testimony that they were initially told that their jobs were being eliminated, not that they were terminated for poor performance; and (2) Hooper and Baxmann's documents and statements provided during the EEOC investigation that tend to show, according to plaintiffs, that the defendant's current non-discriminatory reason is not credible. Dkt. 13 at 6–11.

First, Juneau and Gould testified that they were told at the time of their termination that their jobs were being eliminated. Dkt. 12, Ex. B at 21:2–5; Dkt. 12, Ex. C at 28:19–22. Plaintiffs contend

---

[1] Plaintiffs argue that the defendant did not articulate a legitimate, non-discriminatory reason for its adverse employment actions due to certain inconsistencies in Hooper and Baxmann's declarations. Dkt. 13 at 3. But the employer's burden at the second stage "is only one of production, not persuasion, involving no credibility assessments." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). In other words, as long as the defendant presents an explanation that, if taken as true, could defeat the plaintiffs' discrimination claims, the presumption of discrimination drops out and the plaintiffs bear the ultimate burden to prove that the adverse actions were motivated by an unlawful, discriminatory purpose. *Hicks*, 509 U.S. at 506. Here, the defendant presented admissible evidence in the form of Hooper and Baxmann's declarations that meets its burden of production, and plaintiffs' contentions regarding the explanation's *believability* is only relevant to the third stage of the analysis, *i.e.*, whether the explanation is pretextual.

that this creates a fact issue because the defendant's proffered non-discriminatory reason is that plaintiffs had become complacent in their job performance. Dkt. 13 at 6. This contention, however, is incomplete and incorrect. Defendant has already admitted that plaintiffs were told that their jobs were being eliminated to permit them to apply for unemployment benefits, and thus the plaintiffs' testimony merely confirms, rather than vitiates, defendant's explanation.

Second, regarding the evidence provided to the EEOC, particularly the investigator's notes, the plaintiffs argue that a fact issue arises due to inconsistencies in Hooper and Baxmann's prior statements. *Id.* at 6–9. In this circuit, however, while EEOC findings and reports are generally admissible evidence, documents in the EEOC file are not admissible absent an independent hearsay exception. FED. R. EVID. 803(8)(A)(iii) (delineating a hearsay exception for the "factual findings from a legally authorized investigation"); *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) ("EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings . . . . However, neither under the [circuit] precedents nor under Rule [803(8)(A)(iii)] is the entire EEOC file admissible"); *see also Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332 (5th Cir. 2007) (holding that otherwise inadmissible EEOC statements and documents are only considered if they satisfy a hearsay exception). The EEOC investigator's notes are out-of-court statements offered for the truth of the matter asserted, FED. R. EVID. 801(c), namely that the investigator accurately recorded Hooper and Baxmann's initial explanations for plaintiffs' terminations. Plaintiffs have not argued any recognized hearsay objection for admission of the EEOC documents, nor can the court discern any in its review of the law and record. Accordingly, defendant is correct that the notes are inadmissible hearsay and thus insufficient to create a genuine dispute of material fact on the question of pretext.

### IV.  CONCLUSION

In sum, plaintiffs have not offered any admissible evidence to survive summary judgment as to their ADEA claims against the defendant.  After reviewing the parties' arguments, the summary-judgment record, and the applicable law, defendant's motion for summary judgment (Dkt. 12) is **GRANTED**.  Plaintiffs' claims against defendant are **DISMISSED WITH PREJUDICE**.  The court will enter a separate final judgment consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on Jul 30, 2014.

_____
Gray H. Miller
United States District Judge